```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CESAR DE LEON MORILLO,       )
          Petitioner         )
                             )
     vs.                     ) Civil Action No. 06-295
                             ) District Judge Terrence F. McVerry
WESTERN DISTRICT OF PA,      ) Magistrate Judge Lisa Pupo Lenihan
          Respondent.        )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631.

II. REPORT

Petitioner, Cesar De Leon Morillo, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking immediate release from prison challenging his order of removal from the United States as an aggravated felon and controlled substance offender. Petitioner is incarcerated within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. The Supreme Court recently reiterated that under 28 U.S.C. § 2241(a), federal district courts are limited to granting habeas relief "within their respective jurisdictions." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). See also Yang You Yi v. Maugans, 24 F.3d 500,

507 (3d Cir.1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action .... because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.").

Jurisdiction is determined by the district of confinement "as of the time of filing of the petition." Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003). At the time of filing, Petitioner was confined in the York County Prison, which is located in the territorial jurisdiction of the Middle District of Pennsylvania in York, Pennsylvania. When a civil action is filed in a district court that lacks jurisdiction, that court shall transfer such action to any other such court in which the action could have been brought at the time it was filed if the court determines that a transfer would be in the interest of justice. 28 U.S.C. § 1631. A transfer of the present habeas corpus petition would be in the interest of justice because a dismissal of the action would only cause Petitioner to incur the additional expense of filing the same habeas corpus petition in the proper jurisdiction. See Roman v. Ashcroft, 340 F.3d 314, 329 (6th Cir. 2003).[1] Accord Persaud v. Bureau of Immigration

---

1. Even if § 1631 did not permit transfers for lack of personal jurisdiction, the action should be transferred pursuant to 28 U.S.C. § 1406(a), which provides that where venue is improper, the district court where the action was
(continued...)

and Customs Enforcement, 2004 WL 1936213 (E.D.N.Y. Aug. 31, 2004).

For the reasons set forth above, it is respectfully recommended that this action be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: March 17, 2006

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Cesar De Leon Morillo
82500-6
York County Prison
3400 Concord Road
York, PA 17402

---

1. (...continued)
filed shall, if it be in the interest of justice, transfer such case to any district or division in which the action could have been brought, regardless of whether the transferring court lacks personal jurisdiction over the defendant. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).